IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

CHAUNCEY DEJON PURVEY, #15142-078 §

VS. § CIVIL ACTION NO. 4:10cv503
CRIMINAL ACTION NO. 4:07cr247(8)

UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Chauncey Dejon Purvey filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636.

Facts of the Case

On September 8, 2008, Movant pleaded guilty pursuant to a written plea agreement for conspiracy to manufacture, distribute, or possess with the intent to manufacture, distribute, or dispense cocaine base, in violation of 21 U.S.C. § 846. On February 9, 2009, he was sentenced to 169 months of imprisonment. He filed a notice of appeal, but his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). Movant filed a response to counsel's *Anders* brief, alleging that he is entitled to relief because (1) the Court misapplied U.S.S.G. § 3B1.1(b) of the Sentencing Guidelines by incorrectly applying a three-point

upward adjustment to Movant's base offense level for his role as a manager or supervisor, (2) the Court erred in adopting the pre-sentence report, (3) the appeal waiver was not knowing and voluntary because of counsel's erroneous advice, and (4) his appellate counsel was ineffective. On November 16, 2009, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *See United States v. Purvey,* 348 Fed. Appx. 991, 992 (5th Cir. 2009) (no non-frivolous grounds for appeal found after reviewing the record, the *Ander*'s brief, and Movant's response brief).

In Movant's § 2255 motion, he raises the same issues that he raised on appeal: (1) the Court misapplied U.S.S.G. § 3B1.1(b) of the Sentencing Guidelines by incorrectly applying a three-point upward adjustment to Movant's base offense level for his role as a manager or supervisor, (2) the Court erred in adopting the pre-sentence report, (3) the appeal waiver was not knowing and voluntary because of counsel's erroneous advice, and (4) his appellate counsel was ineffective. Respondent filed a Response, arguing that Movant's claims are barred by his waiver that was included in his knowing and voluntary plea agreement. Movant filed a Reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28, United States Code, Section 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

<u>Voluntariness of Plea Agreement and Ineffective Assistance of Counsel</u>

In the present case, Movant asserts that his plea was unknowing and involuntary based on ineffective assistance of counsel. It appears that Movant is claiming that counsel was ineffective for failing to object to the Government's alleged breach of the plea agreement. Specifically, he contends

that the Government breached the plea agreement by seeking an increase in Movant's base offense level based on alleged hearsay testimony that Movant was a manager or supervisor in the offense charged. Because this issue concerns the validity of the waiver itself, this Court will first look into the voluntariness of Movant's plea.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a movant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). Additionally, the Fifth Circuit has held that miscalculating a client's sentencing exposure does not amount to deficient performance required by the *Strickland* standard. *United States v. Herrera*, 412 F.3d 577, 580-81 (5th Cir. 2005); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).

Movant signed a plea agreement on September 8, 2008, which states:

> I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

The plea agreement also states:

> Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in his best interest to enter this agreement rather than proceeding to trial.

Additionally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement." Finally, the plea agreement stated the following concerning the entirety of the agreement:

> Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his signed plea agreement.

At the plea hearing conducted by United States District Judge Marcia Crone, held on September 8, 2008, Movant affirmed that he had read his indictment and guilty plea agreement, understood them, discussed them with his attorney, and wished to continue in his plea of guilty. He also stated that he was not under the influence of any drug, medication, or alcoholic beverage that would influence his ability to plead. The Court reviewed Movant's rights with him – the right to a speedy trial, to confront and cross-examine witnesses, to present a defense, to have witnesses testify

on his behalf, and to have effective assistance of counsel. Movant understood the rights and further affirmed that he was completely satisfied with his legal representation and the advice given to him.

The Court reviewed the elements of the offenses, which Movant understood. It then went over the minimum and maximum penalties Movant was facing, which Movant understood. It also explained that the Court will be unable to determine the sentence until after the presentence report (PSR) is completed, noting that Movant as well as the Government will have an opportunity to challenge the facts contained in the PSR. Movant stated that he understood that the Court has the authority to impose a sentence more or less severe than the sentence called for in the guidelines. The Court further explained the rights Movant was giving up by pleading guilty to a felony. The Court reviewed Movant's right to appeal

The Court also reviewed the plea agreement with Movant, and he stated that he understood all the terms of the plea agreement and the rights he was waiving. He also said that there had been no other promises made to him or threats against him leading him to plead guilty. He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. Movant also stated that nobody had forced him or threatened him or made promises to him to coerce him into pleading guilty. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *Diaz*, 733 F.2d at 373-74. The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature

of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

The Court reviewed, in detail, the rights that Movant was waiving by pleading guilty. It found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his plea hearing.

Movant also signed a Statement of Facts in Support of Plea Agreement on September 8, 2008. In it, he acknowledges that he and others made an agreement to knowingly and intentionally distribute or dispense with the intent to distribute or dispense cocaine base. He knew the unlawful purpose of the agreement, and joined in it with the intent to further it. He knowingly distributed or possessed with intent to distribute or dispense 469.17 grams of cocaine base. During his hearing, Movant affirmed that his signature appears on the statement and that he understands and agrees with the statements contained in it. He also affirmed that he was pleading guilty knowingly, freely, voluntarily, and with the advice of counsel. Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is further contradicted by his Factual Statement.

This Court concludes that Movant knowingly and voluntarily pleaded guilty – he fully understood the elements of the crime, the maximum sentencing range, and the rights he was waiving by pleading guilty. He has not shown that he did not understand the nature of a constitutional

protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). However, the defendant "need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *Id*. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Barbee v. Ruth*, 678 F.2d 634 (5th Cir. 1982), *cert. denied*, 459 U.S. 867, 103 S. Ct. 149, 74 L. Ed.2d. 125 (1982).

Movant fails to show error under the first prong of the *Strickland* test. In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id*., 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*., 466 U.S. at 697, 104 S. Ct. 2052.

      Movant has failed to prove that he was given deficient or misleading advice or that he was coerced into pleading guilty. Thus, he cannot show that, but for trial counsel's allegedly erroneous advice or deficient performance, he would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). Moreover, Movant's assertion that counsel was ineffective for failing to object to the three additional points assessed for his role as a manager or supervisor, is mistaken. Counsel did object to the added points. Counsel also objected to points being added based on Movant allegedly committing the crime while he was on probation. Counsel also made several other objections to the PSR. However, Movant has not shown that the Government breached the plea agreement; thus, there was no need to objection on this basis. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). This Court notes that the plea agreement, as well as admonishments at the plea hearing, cautioned Movant that the offense level and sentence could increase or decrease based on the results of the PSR. This is what happened in Movant's case. Movant acknowledged that the plea agreement is a complete statement of the parties' agreement –

9

that no other promises had been made or implied.

Movant failed to prove the first *Strickland* prong – deficient performance; thus, it is not necessary to analyze the second prong. However, Movant also failed to present facts from the record or citations to law that would support a claim that the outcome of his case would have been different. Therefore, he also fails to meet the second prong of the *Strickland* test.

In conclusion, Movant's waiver is effective to bar relief in this case. His sentence of 169 months did not exceed the maximum sentence. He has not shown ineffective assistance of counsel that affects the validity of his waiver. Because this Court has concluded that Movant's plea is knowing and voluntary, the plea agreement waiver bars relief on, or consideration of, any remaining claims, which do not fall within the exceptions allowed in Movant's waiver. Consequently, this motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve

and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 26th day of April, 2013.**

                                                   _____
                                                   DON D. BUSH
                                                   UNITED STATES MAGISTRATE JUDGE